The next case is Parus Holdings v. Google, No. 23-2296. Mr. Campbell, when you're ready. John Campbell, on behalf of Petitioner Parus Holdings. This Court should reverse the Patent Trial and Appeal Board for three reasons. First, the 941 patent claims require multiple websites with the same information, which is not disclosed by the WISE Reference. Second, the 402 and 941 claims require a user sequentially accessing the plurality of websites, as taught by the Schaeffer reference. And third, the 402 claims require a content descriptor that is not disclosed by WISE's HTML tags. Turning to the first issue, the 941 patent claims require multiple websites with the same information, which is not disclosed by the WISE Reference. As the 941 patent claims require a plurality of pre-selected website addresses, each said website address identifying a website containing said information to be retrieved. This is not disclosed by the WISE Reference. The WISE Reference teaches an interface system for presenting one or more computer documents in an audio format, including a browser connected to the call manager for retrieving a document that is related to a subject, word, or phrase. The subject, word, or phrase is passed to the call manager 210. As WISE says, at this point the user may invoke a search, that's mode 2, which the PTAB did not rely on. Otherwise, in mode 1, a pre-determined audio compatible address is selected by the system. Again WISE goes on in the spec and is very clear that the parser may either match a pre-determined address stored in memory to the subject, word, or phrase, that's mode 1, or the subject, word, or phrase is sent to a searcher. WISE is very clear that in mode 1, which the Patent Trial and Appeal Board relied upon, there is simply one pre-determined address corresponding to the subject, word, or phrase. There is not a plurality of pre-selected website addresses as required by the claim. Because the spec clearly does not teach having multiple website addresses, the board and Google relied on WISE's Claim 8 to try to allege that it was taught by WISE. WISE's Claim 8 says, a computer memory connected to the parser for storing pre-determined file addresses. While this is plural, it doesn't indicate in any way that there are multiple website addresses for, pre-selected multiple website addresses for the said information. Rather, the clear implication here is that you will have an address for each subject, word, or phrase, and therefore there will be multiple addresses, one per, not multiple websites for a subject, word, or phrase. Is there expert testimony, if I remember correctly, from Mr. Lipoff that reads the WISE reference and the language that you just talked about differently than the way you have today? Yes, there is expert testimony from Mr. Lipoff. I think if you look at it, even Mr. Lipoff simply says there are multiple addresses. That is not controversial. Of course, the WISE system would be fairly worthless if it only worked for one word, one website address. That's not what is at issue. Clearly there are multiple website addresses, one for each word, but there is no support for the idea that Claim 8 is teaching that you would have multiple website addresses related to a subject, word, or claim. That is what is required by the 941 patent. You have a plurality of website addresses for the subject, word, or phrase. What the 941 patent teaches is you are going to rank those and you are going to go through those one at a time. The computer is going to go through those one at a time to determine which one has the information. There is no teaching of that in WISE because all WISE is doing is giving a predetermined address and it is going to read that website to you. What about where he says I can point to preselected websites in the memory of the person without a need to invoke a searcher and that would return websites? It sounds to me like he is understanding and reading WISE to teach what you are saying WISE doesn't teach. Maybe you are saying his testimony is conclusory or something, but I do think that he is taking the position that the reference teaches the claimant will. If he is, I don't think it is clear and I think it is intentionally that way, but if he is there is no support for that. You are taking Claim 8, a dependent claim, and stretching it to cover what in the specification clearly is not taught. To read it in that way, there is no substantial evidence to support those words that there are multiple website addresses when naturally there would be, one for each word or phrase. To take that and extend that to it means that you could have multiple website addresses for a word, there is no support for that. In fact, the spec wouldn't tell you what to do with that from WISE because the spec is very clear. If you have mode 2 and you do a search, the user then selects a website address to put into memory. That is all the spec teaches. To misinterpret Claim 8 in that way is not justified. There is no support to take Claim 8 and insert the words that you would have multiple website addresses for one subject word or phrase, which is required by the 941 patent. Turning to the second argument, the 402 and the 941 patent claims require a computer sequentially accessing, not users sequentially accessing, as taught by the Schaefer reference. The claims require said computer sequentially accessing the said plurality of websites that we just discussed until said information to be retrieved. Do I understand your position correctly to be that the computer doesn't meet this claim limitation in the prior reference because in the prior reference, the user is working with the computer to have the computer perform the claim element of sequentially accessing? Yes, because the user is the one doing the sequentially accessing, not the computer. Well, the computer is. Maybe there was some input from the user. Are you saying a user is literally sequentially accessing a memory? No, Your Honor. The computer is obviously accessing, but is the computer sequentially accessing? No. The user is the one. The process is in Schaefer that the computer says, do you want the next one? Yes or no? The computer has asked the user what to do next, so the user is deciding whether it's sequentially accessed. Your view is that we should read sequentially to mean automatically sequentially accessing without any input from the user, right? I don't think the word automatic or without any input from the user is necessary there. I think the plain language says the computer does the sequential accessing. What if it does it sequentially, but with some extra steps in there for a comprising claim? If the computer is doing it, maybe that's fine, but here the computer is not sequentially accessing. In fact, the computer, if the user says no after the first one, the computer is done. It doesn't go on. In the 9-4-1-4... If the user says yes, it sequentially accesses the next site. If the user's instruction, yes, but the computer didn't decide I'm going to sequentially access... But that's not what the claim says. It says sequentially accesses. The computer is doing all the accessing, right? Obviously, we haven't reached the stage where the human brain can directly access the Internet. The computer is acting at the instruction of the user, but it's still going step one, or then going to the next address, the next one, the next one. Why isn't that sequentially accessing? Because it's not the accessing point, Your Honor. It's the sequentially accessing. That's sequential. One, two, three, four. But the computer is not sequentially accessing. The user is... The computer is doing all the accessing. It's sequential. The only way your argument makes sense is if you add in the words automatically or without human input, which you're not going to get because it's not in the claim. Your Honor, that is not in the claim. I think when you read the plain language of the claims, computer sequentially accessing, you look at the spec, and the entire purpose here is to provide the information to the user, from the user asking one time for this information, and then going through a list of websites that are ranked to determine which website has this information to give it back to the user. So the whole claim, the whole specification, everything is structured in a way that the user says this command, and the computer sequentially accesses these ranked websites to then read that, that the user could decide, yes, give me the first website. No, that's not good enough. Give me the next website. That didn't do it. Give me the next website. That's just contrary to the entire invention here and to the entire structure of the claim. How do you distinguish this scenario from CollegeNet v. Apply Yourself? So in CollegeNet v. Apply Yourself, again, those were cases that related to if automatically is in there, and as the court said there, a machine still performs the claim functions without manual operation, even though a human may initiate or interrupt the process. Here, we're not talking about initiating or interrupting the process. We're talking about a process that by the claim language, by the specification, says the computer sequentially accesses. Nobody's saying the human can't kick off the computer sequentially accessing by issuing a command. In fact, the claims require that. But the computer still must do the sequentially accessing. Well, CollegeNet actually says it's okay to have human interactions to interrupt functions, not just initially starting it. And I think if we had a comprising claim that we were going limitation by limitation, if there was a... You do have a comprising claim, right? I'm sorry. With a surprising comprising claim, if the user is interrupting in between one of those steps, that's one thing. But what we have here is a limitation. The limitation requires the computer sequentially access. So your view is that the computer does that sequentially access when the user is involved in the sequential access? When the user is deciding whether to do the next access, the next access, the next access. You're into your rebuttal. Do you want to save it? Oh, Your Honor, then I will save the rest of my time for rebuttal. Yes, thank you. Mr. Hager. Good morning, Your Honors. May it please the Court. Benjamin Hager for Applebee, Google. So opponents' arguments here attempt to raise their complaints to legal disputes because they have no meaningful response to the substantial evidence on which the Board's decision is based. Pat Nona tries to reframe its claim construction argument. The Board correctly understood it and rejected it below. On the substantial evidence points, the Board's decision is plainly based on substantial evidence. You want to identify the specific substantial evidence on the issue that your adversary started with? Sure. I believe they started with the predetermined websites portion. That's right. And so there's substantial evidence in the record in WISE itself. WISE Claim 8 obviously refers to... What about the argument about Claim 8 just meaning that there's additional things, there's a lot of things stored in the memory, but that doesn't mean that for each word there's multiple websites. Right. So first, I don't think that is consistent with what WISE Claim 8 actually says. WISE Claim 8 depends from Claim 1. Claim 1 has a user command and a subject word or phrase. Claim 8 depends from Claim 1 and specifically has a number of addresses that are associated with the predetermined word or phrase that's recited in Claim 1. So I think just the structure of the claims makes clear that the addresses correspond to a single word or phrase that's being asked. We also have substantial evidence in the record from Mr. Lipoff. Mr. Lipoff provided deposition testimony on this point. I can direct your honorees to Appendix 5012 where Mr. Lipoff is talking about the operation of WISE and how it works. What he says, this is around line 9, he says if the subject word were to match one of the sites in the parser, and again he's referring to the fact that there are a number of websites in the parser that could potentially match to the websites and in fact one of them does, this is him describing this one-to-many connection that they say doesn't exist. And this is what the board relied on in reaching its decision. It relied on one, WISE itself, and two, 5012. And we also have, additionally to the deposition testimony, there is a reply declaration as well where Mr. Lipoff made this point and that is at Appendix 2304 where Mr. Lipoff again makes the exact same point and that is the substantial evidence on which the board's decision rests. On the sequentially accessing term, I think your honors have it exactly right. If you look at Schaefer, Schaefer Figure 7 describes kind of the computer implemented process that is at work and in Schaefer Figure 7 the computer is essentially doing all of the steps except at one point there is a voice response unit which is a computer program that asks the user a question, the user responds, and it is a voice response unit that interprets the user's request and then sequentially accesses the next site. And you can see that in Figure 7 there is a site visit, there is a request, there is a next site visit if the user is not satisfied with the request, and the entire process of Figure 7 is computer implemented. And so there really is no meaningful dispute about how Schaefer operates and that is what the board found. The board found that this computer implemented invention of Schaefer meets the plain language of the claims. The patent owner is advancing here, that user intervention somehow takes the process outside the scope of the claims when in fact it is the computer that is doing all of this accessing. And you can see that makes a lot of sense when you actually look at the plain language. Patent owner places great weight on the fact that both a user and a computer are recited in the claims and that is certainly true. But what is claimed here is a computer implemented invention that is driven by a user. There is a user using the computer to satisfy all of the claim requirements. And when you actually get to this claim element, it is written very I think clearly, what the computer has to do is accessing. This particular claim element at Appendix 95 recites the computer accessing three times. The computer accessing from the plurality of the list, the computer accessing the first website, and then the computer sequentially accessing. And the computer does all of those things. And what it is looking for is information. And if that information is not found at a website, then the computer accesses the next website. What this claim doesn't say is that the computer is what has to determine if the information is found. It just says whether or not the information is found. And so they could have written a different claim where there is a determination made by the computer, the computer determining whether the information is found. That isn't the claim that they wrote. And this is a broad, open-ended, comprising claim and there is simply no basis to exclude a user using a computer from the scope of these claims. Now I wanted to just touch on this particular claim. And this particular claim is that the content descriptor claim element, which counsel didn't mention, the content descriptor is a very straightforward claim term. It is something that describes content. And again, there is no substantial dispute about how WISE operates. WISE uses something called tags that specifically identify particular portions of content in a website to direct the system to identify various parts of the website. So if a user wants stock information, there is a tag that identifies, let's say the second half of the website has the particular stock you want, and then the tag is used to go directly to that website. And so the teachings of WISE very plainly satisfy this claim term. We also have an argument that a patent owner's position as to the 4-2 patent is barred by collateral estoppel. Respectfully, Your Honors, don't need to reach that. If Your Honors just affirm the Board's factual findings as to WISE, then there is no need to address the collateral estoppel issue. I'll just check my notes here. All right, Your Honors. I think with that, unless you have questions, I will thank you. Thank you. Thank you. May it please the Court. Just following up on what counsel addressed. If we look at WISE Claim 1 and look for multiple websites for a particular subject, there is nothing in Claim 1 that would suggest we'll end up with multiple websites for a particular subject. Can I ask you something? Do you agree that in claim language, the word A means one or more? That is something that is kind of established, right? Yes. But your view is that it should be read more narrowly in this circumstance because it's being used for disclosure. I think it should be read more narrowly in this circumstance because the claim and then basic interpretation of the claim go to the spec. There is no disclosure of why we would have a plurality of websites. In fact, WISE is very important. I would think that A in that claim would be one or more under our case law. I think if we argued that for claim construction, we looked at the spec where it says the user is going to select one predetermined website and put that into memory, the spec is very clear that there is one address in memory. It is very difficult to understand the spec in any other way. When we try to stretch the claim language to cover more, I think it falls apart. I think if you go to the spec, it is very clear as to what WISE is teaching and it is not teaching multiple websites. If we look at the appendix at 5012 that counsel pointed to with Mr. Lipoff, he says if the subject were to phrase matches one of those websites that's in the parser, you don't need to go anywhere else. It's deposition testimony. It's a little bit difficult to parse. There is no indication in there that there is going to be multiple websites for a particular subject word or phrase. Counsel also referenced the claim language of the 402941 patent as to the sequentially accessing. I think what the claim actually says is contrary to what counsel indicated. It says said computer sequentially accessing said plurality of websites until said information to be retrieved is found or until said plurality of websites has been accessed. Again, the computer has to sequentially access them until the website information is found. Finally on the content descriptor, clearly WISE doesn't teach the content descriptor in the HTML tags. WISE's system is a two-step process if you are going to navigate a document. WISE is teaching an issue of command, a search command, come up with one website address, read that website. If you want to navigate within that, you issue another command to try to navigate with that. Clearly there is not a predefined portion of the website related to the initial search command. Does the court have any other questions?